**SUZUKI LAW OFFICES**
Attorneys at Law
Richard J. Suzuki, Esq. No. 021348
Seth Apfel, Esq. No. 032225
2929 E. Camelback Rd. Ste. 224
Phoenix, Arizona 85016
Phone: (602) 682-5270
Fax: 480-907-1571
Attorneys@suzukilawoffices.com

Attorneys for Defendant *Wesley*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Laura Marye Wesley, <br><br> Defendant | Case No.: **CR-19-00200-PHX-DLR** <br> *(Defendant is not in Custody)* <br><br> **DEFENDANT LAURA MARYE WESLEY'S OBJECTION TO GOVERNMENT RESTITUTION REQUEST AND FINE REQUEST** |

Defendant, Laura Marye Wesley, by and through counsel undersigned, herein submits the following objections to the Government's restitution and fine requests. These objections are intended to supplement the objections to the presentence report (PSR) previously filed, and those objections, as well as the previously filed sentencing memorandum, are hereby incorporated by reference.

Specifically, Ms. Wesley objects to the Government's recommendation for a fine of $25,000 and to the Government's request that she be ordered to pay $40,000 in restitution. As to the former, the fine would be prohibitive in light of Ms. Wesley's

current financial condition, and as to the latter, there has been no proof of actual economic loss that evinces a loss in the amount requested.

The PSR recommended that no fine be imposed, and only recommended $35,000 in restitution. The PSR did not provide evidence of economic loss respecting the party requesting restitution.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     FINES:**

Under the Eighth Amendment, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019) (citing U.S. Const. Amendment VIII). The right guaranteed by the Excessive Fines Clause is fundamental. *Id*. at 689.

Here, Ms. Wesley's financial statement as detailed in the PSR indicates that she has very limited means to pay a significant fine. The profits (to the extent there were any) reaped by the criminal conduct in this case predominantly accrued not to her, but to her father, who was the primary actor in this case. Ms. Wesley did not gain any meaningful financial resources when her father died, and she has been forced to start over economically. Nevertheless, the government requested a substantial fine in excess of her net worth as indicated in the PSR.

In addition to the above, though Ms. Wesley objects to the requested restitution amount, it may be that there will still be some restitution that can be shown by the victim(s), which would impose an additional financial burden upon her. If restitution is

ordered at the time of sentencing or at some future date, a fine would make payment of restitution far more difficult.  However, even if that is not the case, the fine requested by the government would significantly exceed her net worth as determined by the PSR.  The limit upon her net worth is even more pronounced considering that her home comprises nearly the entirety of her assets, and is also partly owned by her ex-husband.

Considering the totality of Ms. Wesley's financial circumstances, a fine of $25,000 would be excessive in this case.  While Ms. Wesley understands and appreciates the Government's comparison to a New Mexico case similar to hers in which a far more substantial fine was imposed, there is no indication in that comparison as to what the financial resources were of the defendants in that case.  The Court should make an individualized determination of an appropriate fine based on the financial resources of the defendant, who has two children to support.  Notably, in conducting its own individualized inquiry, the probation department recommended in the PSR that no fine be imposed.  Ms. Wesley agrees with that assessment, and requests that this Court impose no fine.

II.     RESTITUTION

"The Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. § 3663A, requires a district court to 'order a defendant to make restitution to a victim of certain specified offenses.'" *United States v. Eyraud*, 809 F.3d 462, 467 (9th Cir. 2015) (quoting *United States v. Anderson,* 741 F.3d 938, 951 (9th Cir. 2013)).  "The amount of restitution is

limited to the victim's 'actual losses' that are a direct and proximate result of the defendant's offense." *Id*.

Respecting restitution, a PSR must include "information sufficient for the court to exercise its discretion in fashioning a restitution order," including "to the extent practicable, a complete accounting of the losses to each victim." 18 U.S.C. § 3664(a). Prior to the preparation of such a report, victims are given opportunity to submit information respecting their losses. 18 U.S.C. § 3664(d)(2). The Government has the burden to demonstrate the amount of loss of a victim by a preponderance of the evidence. 18 U.S.C. § 3664(e).

Here, the Government and the victim have failed to submit evidence of actual loss. Ms. Wesley does not dispute that her offenses qualify as offenses against property. However, alleged victim Humiovi has submitted a request for more than $40,000 in restitution. This amount has been calculated by Humiovi and the Government based on receipts submitted by Humiovi respecting purchases of items of jewelry from Ms. Wesley between January and July of 2018 totaling $40,748. The receipts, and the calculated loss amount, include ALL items purchased by Humiovi from Ms. Wesley over the aforementioned time period. The premise upon which the restitution request is based is that these items were seized when law enforcement raised the business, thus causing the loss.

The notion that Humiovi suffered actual loss in the amount requested strains credulity due to assumptions that must be made to support such a conclusion.

Specifically, since they are requesting restitution to cover all items purchased between January and July of 2018, the request requires the Court to presume that *every single item* that Humiovi bought from Ms. Wesley during the time frame was seized in July. In other words, the Court would have to presume that during that entire six month time frame, Humiovi did not sell one single item they had purchased from Ms. Wesley. Such a presumption defies logic – if Humiovi failed to sell a single item purchased over a six month period, it stands to reason that they would not have continued to purchase items from Ms. Wesley.

Moreover, the requested restitution fails to account for profit Humiovi earned on the sale of items purchased from Ms. Wesley. Given the fact that Humiovi continued to purchase items from Ms. Wesley for a prolonged period, surely (1) they sold many items; and (2) they made profit on many of the items.

No accounting has been provided to the probation department, to the defense, or to the Court indicating (1) what items purchased by Humiovi from Ms. Wesley were actually seized as compared to what items were purchased; (2) what profits were made by Humiovi in selling items purchased from Ms. Wesley as compared to the value of the property actually seized; (3) what the actual value was of the property seized at the time it was seized.

It may very well be that loss was incurred by some people and entities as a result of the offenses to which Ms. Wesley pled. Ms. Wesley does not wish to minimize those losses, nor does she wish to understate her role or the harm caused, and she deeply regrets

any such loss. However, as indicated by the government in its memorandum, it appears that the losses in this case are not easily susceptible to calculation, as they are probably market losses for artisans involved in the making of Native American jewelry. In general, the stores to which Ms. Wesley sold goods earned profits from the sale of those goods, and consumers got items that were high quality and largely matched the value they paid for those items. Even if consumers did not get value, no accounting has been provided indicating as such.

In consideration of the forgoing, insufficient evidence has been provided to support the restitution request made by the Government and victim Humiovi.

### III.   CONCLUSION

In consideration of the above, pursuant to the facts and circumstances of the case, of Ms. Wesley's financial circumstances, and insufficient evidence respecting actual loss, Ms. Wesley objects to the fine and restitution requested by the Government.

RESPECTFULLY SUBMITTED this 15th day of September, 2020.

**SUZUKI LAW OFFICES**

/s/     *Seth Apfel*
Seth Apfel, Esq,
Attorney for Defendant *Wesley*

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Honorable Douglas Rayes
United States District Court
rayes_chambers@azd.uscourts.gov

Peter S. Sexton, Esq.
Mona Sahaf, Esq.
Assistant United States Attorneys
United States Attorney's Office
Peter.Sexton@usdoj.gov
Mona.Sahaf@usdoj.gov

/s/   Seth Apfel
Seth Apfel, Esq,
Attorney for Defendant *Wesley*